UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJAI CALIP,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 14-cv-02047-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 5 |

## INTRODUCTION

Defendant Social Security Administration ("SSA") filed a Motion to Dismiss Plaintiff Tajai Calip's Complaint. *See* Dkt. No. 5. Ms. Calip, who is litigating this action pro se, did not file a response to SSA's motion. The Court vacated the hearing on this motion and issued an Order to Show Cause why SSA's Motion to Dismiss should not be granted. Dkt. Nos. 8-9. The Order to Show Cause required Ms. Calip to respond by June 30, 2014, and provided that her failure to respond could result in this case being dismissed for failure to prosecute. Dkt. No. 9. Ms. Calip did not respond to the Order to Show Cause. The Court now grants SSA's Motion to Dismiss and dismisses this case -- without prejudice -- for failure to prosecute.

## BACKGROUND

Ms. Calip filed a complaint against SSA in Alameda County Superior Court on April 1, 2014. Dkt. No. 1, Ex. A. On May 5, 2014, SSA removed the case to this Court. Dkt. No. 1. The complaint contains a number of allegations that appear to be unrelated to SSA, including false arrest, defamation, an Eighth Amendment violation, and civil rights violations by a police officer. Dkt. No. 1, Ex. A. The complaint also describes a number of other unrelated lawsuits that Ms.

Calip has filed or intends to file. *Id.* Construing the complaint liberally,[1] the relevant allegations of the complaint allege that SSA improperly failed to pay Social Security benefits to her and her disabled adult son, including certain amounts of her rent under the Section 8 housing program. Dkt. No. 1, Ex. A.

In its Motion to Dismiss, SSA describes the administrative history of this litigation. *See* Dkt. No. 5 at 3. Between September 2009 and October 2011, Ms. Calip received young widow benefits on her deceased husband's record, as she and her deceased husband were the natural parents of a child. *Id.* On October 4, 2011, SSA informed Ms. Calip that she was no longer entitled to these payments because her son reached age 16. Dkt. No. 5, Ex. 2. The notice, provides that "[t]o be entitled [to Social Security benefits], you must be taking care of a child who is entitled to benefits. That child must be under age 16 or disabled. In October 2011, your child became age 16." Dkt. No. 5, Ex. 2. Ms. Calip, however, contends that her son is disabled. *See* Dkt. No. 1, Ex. A.

According to SSA, Ms. Calip did not file an administrative appeal of SSA's October 2011 decision. Dkt. No. 5, Ex. 1 at 2. On July 26, 2012, Ms. Calip filed applications for Social Security disability benefits and Supplemental Security Income. *Id.* SSA denied both claims after Plaintiff did not return the requested medical release authorizations. *Id.* Ms. Calip does not currently receive any benefits from SSA or have any pending applications or administrative appeals. *Id.*

Ms. Calip did not file an opposition to SSA's Motion to Dismiss within the required time as provided by Civil Local Rule 7-3. Under Rule 7-3, any opposition or statement of non-opposition must be filed by no later than 21 days before the noticed hearing date. On June 18, 2014, the Court issued an Order to Show Cause. Dkt. No. 9. The Court ordered Ms. Calip to show cause why SSA's Motion to Dismiss should not be granted, and warned that her failure to

---

[1] Because Plaintiff is proceeding pro se, her filings are to "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Although the Court must construe pro se pleadings liberally, pro se litigants are still bound by the rules of procedure and the applicable local rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

1   respond could result in this action being dismissed for failure to prosecute and SSA's Motion to

2   Dismiss being granted. *Id.* Ms. Calip did not respond to the Order to Show Cause.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A party's failure to file an opposition to a motion to dismiss in accordance with the Civil Local Rules, alone, is grounds for dismissal. *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (dismissing case for failing to oppose motions to dismiss and failing to comply with the court's scheduling orders) (citing *Ghazali*, 46 F.3d at 53 (affirming district court's dismissal for failure to respond to motion to dismiss). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Ms. Calip failed to respond to SSA's Motion to Dismiss in compliance with the Local Rules and then subsequently failed to respond to the Court's Order to Show Cause. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Ms. Calip's failure to respond to either SSA's Motion to Dismiss or this Court's Order to Show Cause, she has offered no explanation for her failure. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Ms.

1  Calip with additional notice of the pending motion to dismiss, as well as additional time to
2  respond to the merits of that motion.  *See* Dkt. No. 9.  The Court's issuance of the Order to Show
3  Cause satisfies the consideration of less drastic sanctions requirement.  *See Ferdik*, 963 F.2d at
4  1262.  Although the fifth factor -- the public policy favoring disposition of cases on their merits --
5  might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it.
6  *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing
7  case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because four of the five relevant factors weigh in favor of granting SSA's unopposed motion to dismiss, the Court grants that motion and dismisses this case in its entirety.  This dismissal, however, is without prejudice.[2]  Ms. Calip may file an Amended Complaint that addresses the serious issues raised in SSA's Motion to Dismiss -- specifically whether this Court has subject matter jurisdiction over her claims -- within the next 90 days.  Ms. Calip's failure to file an Amended Complaint within that time period will lead to dismissal of this case with prejudice for failure to prosecute.

Ms. Calip should be aware that there is free legal assistance available to litigants without lawyers in federal court.  Assistance at the Legal Help Center is available to anyone who is representing him- or herself in a civil lawsuit in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California.  The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796.  Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center.  A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center

---

[2] Dismissal with prejudice of a complaint under Rule 41(b) is a "harsh penalty that should be imposed only in extreme circumstances."  *Ferdik*, 963 F.2d at 1260.

4

appointment line at 415-782-8982.  Ms. Calip is encouraged to seek assistance from the Legal Help Center in amending the complaint.

**IT IS SO ORDERED.**

Dated: July 14, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California